STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
TESS HELLGREN, OSB No. 191622
tess@innovationlawlab.org
JORDAN CUNNINGS, OSB No. 182928
jordan@innovationlawlab.org
KELSEY LYNN PROVO, OSB No. 145107
kelsey@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB No. 223308
nelly@innovationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CLEAR CLINIC and PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE,<br><br>*Plaintiffs,*<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS, Acting Director of Immigration Customs Enforcement; CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); PETE FLORES, Acting Commissioner of Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION ("CBP"),<br><br>*Defendants.* | Case No. 25-1906<br><br>**DECLARATION OF KATRINA NOEL KILGREN IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

# DECLARATION OF KATRINA NOEL KILGREN IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

I, Katrina Noel Kilgren, upon my personal knowledge, hereby declare under penalty of perjury as follows:

1. My name is Katrina Noel Kilgren. I am an attorney licensed, and a member in good standing of the California State Bar. My California State Bar Number is 268095. My business name is Kilgren Law, LLC and it is located at 21 E 28th Ave, Suite 4, Eugene, Oregon 97405. My law practice exclusively focuses on U.S. immigration law. I have practiced immigration law in Oregon since my admission to the California State Bar in 2009. I am also part of the panel attorneys providing services through the Equity Corps of Oregon ("ECO") universal representation program in Oregon.

2. As an immigration law attorney, I represent clients before agencies within the U.S. Department of Homeland Security, including U.S. Immigration and Customs Enforcement ("ICE"). For the past ten years, I have lived and worked in Eugene, Oregon, where there is an ICE Field Office that hosts Enforcement and Removal Operations (ERO). I have clients who are required to check-in regularly with ICE officers at the Eugene ICE office. I have represented clients before the Eugene ICE, both in-person and remotely via email correspondence over the past ten years. I have also represented clients before the Portland ICE Field Offices in Portland and Medford, as well as a few other locations in other states.

3. Generally, to represent an individual before ICE, an attorney must submit a properly executed DHS Form G-28, Notice of Entry of Appearance of Attorney or Accredited Representative. This document can be provided to ICE via email, electronically filed via an electronic account with ICE/ERO, or in-person. Additionally, if an attorney is already

the registered Attorney of Record before the immigration court, then ICE understands that person is represented and the attorney can act on their behalf. In my fifteen years of being an immigration law attorney, presenting an executed Form G-28 is sufficient to act on behalf of clients before ICE or any other immigration agencies.

4. My ability to represent clients during their appointments with the Eugene ICE office significantly decreased in recent months. In the past few years, I have only been permitted to accompany clients into the ICE Eugene waiting room and speak to ICE Officers on clients' behalf in the waiting room, which is not a private, confidential space. Prior to the COVID pandemic, I was allowed to meet in the private designated meeting rooms. For example, on January 12, 2022, I accompanied a client to the Eugene ICE office and I was not allowed inside while ICE met with my client and installed a GPS ankle monitor on his body.

5. Similarly, I learned that on May 7, 2025, my colleague Christine Zeller Powell was denied the ability to represent her client at Eugene ICE Office. She was made to wait outside the federal facility. This was the first time I was aware that attorneys were no longer allowed to accompany existing clients into at least the ICE waiting room.

6. From June 2025 on, I, too, have been blocked from representing clients or offering pre-representational legal counseling to individuals at ICE Eugene. ICE, however, has been inconsistent regarding my access. On June 10, 2025, I was allowed to represent multiple clients with scheduled appointments. My clients were not taken into the secure office area, and instead I was allowed to advocate on their behalf in the waiting room. On June 24, 2025, I was allowed to meet with a detained individual in the visitation area. This is the only time I have ever been allowed visitation with someone in ICE custody in

Eugene. Other weeks, however, when I have tried to gain access, I have been told by security guards at the Eugene Federal Building, "not this week."

7. Upon my request, the office of Senator Jeff Merkley reached out to the ICE Eugene Office to ask for clarification on their attorney access policies. On June 12, 2025, Senator Merkley's office shared the response from Erik Johnson, Deputy Field Office Director, where he confirmed that officers in Eugene do not allow anyone besides the subject into the secure area. However, Mr. Johnson's response also said that there had not been a check in with an attorney at the Eugene Office in the month prior to the inquiry, which I know to be untrue based on my experience and the information from other colleagues.

8. While ICE officers in Eugene have stated, including in the U.S. District Court, that they allow access to attorneys with a valid G-28 form, in the past four months I have consistently been denied access and so have other colleagues. On June 12, 2025, another local immigration attorney shared that she was blocked from entering the ICE office with her client. The attorney was made to wait outside the federal building, even though she presented a valid, executed Form G-28 as evidence of her legal representation of the individual. On June 26, 2025, I went to Eugene ICE to request a pre-representational interview and to collect property from an individual for whom I had filed a G-28 electronically. I was denied access to perform the interview and no response or explanation was given to me for the exclusion.

9. On July 1, 2025, I went with a client to a scheduled ICE appointment to the Eugene ICE Office. I presented a signed G-28 and requested to be allowed to represent my client during the appointment. I was denied entrance into the facility. I was told to wait for my client outside the federal building.

DECLARATION OF KATRINA NOEL KILGREN ISO PLAINTIFFS' MOTION FOR TRO

10. Also on July 1, 2025, I requested access to provide representation to an individual who had been taken into ICE custody. At approximately 1:25pm, I entered the Federal Building with the detained individual's family member. The security guards instructed us to wait outside while they reviewed our requests with the ICE officers. We waited outside the Federal Building for about an hour. During this time, I also emailed ICE requesting visitation. At approximately 2:20pm, I entered the Federal Building and asked if the Security Guards had received any response to our requests. I was told that they had relayed the requests, but that they had not received any reply. At 2:53pm, I submitted an electronic Form G-28 and emailed ICE again requesting visitation. I did not receive any response to either of my emails. I was not contacted by ICE ERO, and I was not allowed to provide advice to this person while the individual was in custody at the ICE Eugene Field Office. This person was later transferred to Tacoma.

11. On July 2, 2025, I accompanied another client to the ICE Eugene Office. I have represented this client before Eugene ICE in the past on multiple occasions, and the client was given a last-minute appointment at the ICE Eugene. I presented a Form G-28 to the security guards, and I was told that the policy for the week was absolutely no accompaniment. I was told I must wait outside the Federal Building for my client. My client was ultimately not detained, but he was interrogated by ICE without counsel present.

12. On July 10, 2025, I called and emailed ICE to request access to a detained individual. I wanted to advise this individual of their rights and see if I could offer them legal representation depending on their facts and circumstances. After not receiving a response, I went to the ICE office in person and was told by building security that this person was no

longer in custody. That individual was not allowed to call anyone until she had already been transported out of the Eugene area. Eventually, I was able to file a habeas petition and obtain her release after a month in detention.

13. During the past few months, I have learned of an increased number of ICE arrests at the Eugene Field Office, and in communication with my other local colleagues, I am the only attorney who has been allowed a visitation and I was only granted visitation once. Increasingly, ICE has been quickly people away from the Feld Office before giving them a chance to talk to anyone. I and other local colleagues have been consistently denied access not only to prospective clients, but also to even existing clients with whom we have signed representation agreements.

14. Similarly, on October 15, 2025, I received request for assistance from being an attorney connected to the rapid response network through ECO. Even by coordinating with colleagues, we were unable to access and interview the detained people whose family requested legal assistance or were already members of the ECO program and receiving legal services. Out of a group of people that were detained that day, only one was able to get representation and challenge his detention. If the others would have had the opportunity to meet with an attorney, my colleagues or I could have been able to assist them and potentially challenge an unlawful detention.

15. In my experience, when people have access to attorneys, it has resulted in many of them being released from ICE custody. For others not released, they were at least able to understand their legal posture and make informed decisions on how to move forward with their case, instead of being forced to accept or sign documents they do not understand.

I DECLARE UNDER PENALTY OF PERJURY AND UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

          Executed in Eugene, Oregon on October 16, 2025.

*[Signature]*

Katrina Kilgren
KILGREN LAW, LLC
21 E 28th Ave., Suite 4
Eugene, OR 97405
Telephone: (541) 600-8864
Katrina@kilgrenlaw.com