IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CLEAR CLINIC** and **PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE,** | Civ. No. 6:25-cv-01906-AA |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **KRISTI NOEM,** *et al.***,** | |
| Defendants. | |

AIKEN, District Judge:

Plaintiffs are the immigrant and Latino advocacy organization Pineros Y Campesinos Unidos Del Noroeste and CLEAR Clinic, an organization which provides *pro bono* legal services to immigrants in Oregon. Plaintiffs request a Temporary Restraining Order ("TRO") against United States Government Defendants Kristi Noem, Secretary of the Department of Homeland Security; the United States Department of Homeland Security ("DHS"); Immigration and Customs Enforcement

Page 1 – OPINION AND ORDER

("ICE"); Todd Lyons, the Acting Director of ICE; Camilla Wamsley, the Seattle Field Office Director for ICE Enforcement and Removal Operations; Customs and Border Protection ("CBP"); and Pete Flores, Acting Commissioner of CBP. Plaintiffs allege that ICE obstructs and delays attorneys from meeting with their detained clients before it transfers their clients out of state. For the reasons explained, Plaintiffs' Motion for TRO, ECF No. 2, is DENIED.

## BACKGROUND

Plaintiffs allege that Defendants are mandated to meet a 3,000-person daily quota of arrests, targeting "illegal migrants" across the nation. Plf. Br. at 3 n.4. Necessarily, ICE has deprioritized taking the most "dangerous criminals" in favor of "rounding up people off the streets," to achieve the high quantity of arrests. *Id*. Through social media, ICE officers were ordered "to do all in their power to achieve the very important goal of delivering the single largest Mass Deportation Program in History." *Id*. at n.2.

Plaintiffs allege that Oregonians have been caught up in these large-scale sweeps. Plaintiffs maintain that Defendants have purposely transferred detained people outside of Oregon as quickly as possible to hamper attorneys' efforts to advise clients of their legal rights. Plf. Br. at 4.

Defendants counter that ICE has no detention centers in Oregon where it can hold those whom ICE arrests. Def. Resp. at 7, ECF No. 20. It therefore relies on short-term holding areas at its field offices in Medford, Eugene, and Portland where it conducts intake processing. These Oregon field offices do not have the operational or

physical capacity for long-term detention holds. Def. Resp. at 7, ECF No. 20; Chan Decl. ¶¶ 8-10. Accordingly, those taken by ICE in Oregon are transferred to an out-of-state detention center "within hours of processing" at one of the field offices. *Id*. If ICE does deny access to counsel, Defendants maintain that such an incident would be isolated and short-term, occurring for legitimate operational, logistical, and security reasons during intake and transport. *Id*. at 8.

Plaintiffs reply that Defendants use policies and practices that fit permissibly within the framework of the legal system to artfully obstruct Plaintiffs' clients and members from speaking to attorneys. *Id*. at 5–6. Added together, Plaintiffs contend that the cumulative effects of Defendants' policies and practices result in an unlawful denial of access to counsel. *Id*. In Plaintiffs' view, obstructing access to lawyers is an intentional feature of Defendants' operations, rather than an unintended consequence collateral to its public safety goals. *Id*.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted). There are two types of preliminary injunctions: (1) a prohibitory injunction that "preserve[s] the status quo pending a determination of the action on the merits," and (2) a mandatory injunction that "orders a responsible party to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F. 3d 873, 878–79 (9th Cir. 2009) (citation modified) (alteration in original). A mandatory injunction "'goes well beyond simply maintaining the status quo pendente lite [and]

is particularly disfavored.'" *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (cleaned up). Indeed, "[i]n general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Marlyn Nutraceuticals*, 571 F. 3d at 879 (internal quotation omitted). The moving party "must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasis original). Where a plaintiff seeks mandatory injunctive relief, "courts should be extremely cautious." *Stanley*, 13 F.3d at 1319 (9th Cir. 1994).

Plaintiffs seeking a preliminary injunction must establish each of the following: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The final two factors "merge where a government agency is a party." *Assurance Wireless USA, L.P. v. Reynolds*, 100 F.4th 1024, 1031 (9th Cir. 2024). An injunction may be appropriate, alternatively, where: (1) plaintiffs raise "serious questions going to the merits;" (2) the balance of equities "tips sharply" in the plaintiffs' favor; and (3) plaintiffs "satisfy the other *Winter* factors." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (citations omitted).

## DISCUSSION

Plaintiffs seek an order restraining Defendants from impeding access to *pro bono* lawyers for a limited set of individuals who Defendants have arrested without a judicial warrant before they are taken out of Oregon and into an "ever-expanding

immigration executive detention system." Plf. Reply at 1. Plaintiffs maintain that, under the Fifth Amendment, the First Amendment, and the INA, detained noncitizens have a right to hire, consult, and communicate with an attorney, and that Defendants are violating those rights.

Specifically, Plaintiffs ask the Court to order Defendants to implement a 72-hour non-transfer period to give time for CLEAR Clinic attorneys to meet with clients who have been arrested before they are transferred, although Plaintiffs receded from this request at the hearing. Plf. Reply at 27. Further, Plaintiffs ask the Court to order Defendants to provide "constitutionally sufficient access to counsel," by designating, for example, access rooms, hours of attorney access, telephones, and technological capabilities for CLEAR Clinic lawyers to meet with clients. *Id*. Last, Plaintiffs ask Defendants to provide CLEAR Clinic with notice of detained Oregonians so that CLEAR Clinic lawyers can ascertain the location of detained persons. *Id*. at 28.

The Court has thoroughly reviewed the briefing, affidavits, and declarations in this case and held a hearing on the motion. At this preliminary stage, the Court finds that Plaintiffs declarations present evidence of Defendants' practices and policies that may violate a detainees' constitutional rights or conflict with Defendants' own rules and regulations. However, Defendants have presented evidence contradicting Plaintiffs' allegations and the testimony and evidence in the declarations does not show that the law would "clearly favor" Plaintiffs. It may be that evidence from other witnesses, or the addition of a party is necessary to establish a more concrete connection between the injured party and the rights Plaintiffs seek to enforce. The

Ninth Circuit has cautioned that mandatory injunctions—when a court orders a defendant to affirmatively take action—should not be granted when there is some doubt about the likelihood of success on the merits. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). In preparing for a hearing on Plaintiffs' requested preliminary injunction, the parties shall have additional time to investigate the facts of their case and provide a more robust record to litigate the preliminary injunction.

Plaintiffs shall have two weeks from the date of this Order in which to submit a renewed preliminary injunction motion addressing the evidence and arguments raised by Defendants. Defendants shall have two weeks from the filing of Plaintiff's renewed motion to file their response brief and Plaintiffs shall have two weeks from the filing of the response brief to submit their optional reply brief. The Court will hold an evidentiary hearing on the preliminary injunction on December 12, 2025.

## CONCLUSION

For the reasons explained, Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 2, is DENIED.

IT IS SO ORDERED.

Dated this 29th day of October 2025.

/s/Ann Aiken

Ann Aiken
United States District Judge