STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
TESS HELLGREN, OSB No. 191622
tess@innovationlawlab.org
JORDAN CUNNINGS, OSB No. 182928
jordan@innovationlawlab.org
KELSEY LYNN PROVO, OSB No. 145107
kelsey@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB No. 223308
nelly@innovationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| CLEAR CLINIC, PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, and LEON X, individually and on behalf of others similarly situated,<br><br>    *Plaintiffs,*<br><br>  v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS, Acting Director of Immigration Customs Enforcement; CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); PETE FLORES, Acting Commissioner of Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION ("CBP"),<br><br>    *Defendants.* | Case No. 6:25-cv-01906-AA<br><br>**DECLARATION OF LEON X IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

### DECLARATION OF LEON X IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Leon X, upon my personal knowledge, hereby declare under penalty of perjury as follows:

1. I make this declaration based on my personal knowledge except where I have indicated otherwise. If called as a witness, I could and would testify competently and truthfully to these matters.

2. I am 32 years old. I am an Oregonian; my parents brought me to live here when I was six years old. My parents were agricultural workers in the Willamette Valley for more than 15 years and were members of PCUN, Oregon's farmworker union. I myself worked in different canneries and food processing plants sporadically from the ages of 16 to 20.

3. I was granted Deferred Action for Childhood Arrivals (DACA) when I was 19 years old. My current DACA status is valid until mid-summer of 2026. I have built my entire adult life around the protections DACA was meant to provide, but when I see others like me detained despite having valid work permits, I realize that our safety depends not on justice, but on discretion — and discretion can be taken away at any given moment. I also have a pending application for U Nonimmigrant Status because I was the victim of a serious crime when I was a kid. Because the number of U Visas available every year is much smaller than the number of people who have applied for and are qualified to receive U Visas, I was granted deferred action based on my pending U Visa over three years ago.

4. Even though I have deferred action, I am terrified that ICE will arrest and detain me without a warrant or cause while I am living my daily life in Oregon. My fear is not abstract. It lives in every knock on the door, every commute to work or trip to the grocery store. The uncertainty of whether my rights will be respected is exhausting. I am active in the

immigrant rights community in Oregon and have leadership roles in several organizations that have been engaged in rapid response and immigrant protection work. Based on what I have read in the news about this administration's targeting of activists and immigrant rights leaders, I believe I may be a future focus of this administration's ire through unlawful arrest, detention, and the initiation of removal proceedings.

5. This fear has increased significantly in recent weeks, as ICE has ramped up enforcement to new and horrifying levels in the state of Oregon. Every single day, I hear stories about individual being taken away from their loved ones and every single day I wonder if I may be next. Every morning when I wake up I need to have a conversation with myself that prepares me for the day because despite my body's desire to hide and not leave my residence, I need to go about my day and live my life.

6. Moreover, I have heard on the news that people with both DACA and U Nonimmigrant deferred action statuses are also being detained. For example, in August, a DACA recipient was detained in El Paso Texas[1]; she was detained for almost two months and not released until a federal judge granted a habeas petition.[2] ICE has also begun routinely detaining people with deferred action based on pending U Visas, including an Oregonian mother of

---

[1] Uriel J. Garcia, *ICE seeks to deport DACA recipient after arrest at El Paso airport,* The Texas Tribune, Sept. 15, 2025, https://www.texastribune.org/2025/09/15/texas-immigration-activist-daca-detention-el-paso-xochitl-santiago/.
[2] Cindy Ramirez and Robert More, *El Paso DACA recipient Catalina 'Xóchitl' Santiago freed by ICE Wednesday on federal judge's order*, El Paso Matters, Oct. 1, 2025, https://elpasomatters.org/2025/10/01/el-paso-daca-recipient-xochitl-ordered-released-from-ice-custody/.

DECLARATION OF LEON X ISO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
Page 3

four who was detained for almost four months in spite of widespread outrage about her detention.[3]

7. I am particularly fearful that I will be detained in Oregon and swiftly transferred without the opportunity to consult with my immigration counsel. Though I have several years of experience in the immigrant rights field, I am not a lawyer and I closely rely on my immigration attorneys for guidance and representation in my affirmative immigration matters. I know that I would need quick guidance and representation of my immigration attorneys even more in the case of my detention.

8. Additionally, from what I understand, the only realistic way I could obtain release from detention, if I were detained without cause, is through the filing of a federal habeas corpus petition. The attorneys who represent me are barred in Oregon and therefore could only file a habeas petition on my behalf while I am still physically present in Oregon. If I am hidden from my immigration attorneys and unable to contact them upon my detention, I would not be able to get the assistance I need to quickly challenge my detention if it were unlawful.

9. I am also asking the Court to let me proceed in this case using a pseudonym. I am afraid the public nature of the case will create a backlash and threats to me personally if I am publicly identified. I am also afraid of retaliation against my community and family members, some of whom lack immigration status or have pending applications for immigration relief. I also want to protect the personal details of my immigration case.

---

[3] Tanvi Varma, *Lawmakers call for release of woman with work permit from ICE Facility*, KATU, Oct. 22, 2025, https://katu.com/news/local/lawmakers-call-for-release-of-woman-with-work-permit-from-ice-facility-oregon-washington-canada-cbp-ice-peace-grandmother-grandchildren-detained-immigrationmmigration.

DECLARATION OF LEON X ISO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
Page 4

10. I am not asking for special treatment; I am asking for the same constitutional protections that every person on U.S. soil is supposed to have. When those protections can be ignored for one group, it sets a precedent that threatens everyone. If due process can be denied to me today, it can be denied to anyone tomorrow.

11. I am willing and able to represent a class of other individuals who have been, or who are afraid of, being arrested for immigration reasons in Oregon and being transferred away from the state before they can access counsel.

I DECLARE UNDER PENALTY OF PERJURY AND UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Executed in Portland, Oregon on November 12, 2025.

/s/ Leon X

Leon X

DECLARATION OF LEON X ISO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
Page 5