STEPHEN W MANNING, OSB No. 013373
stephen@innovationlawlab.org,
smanning@ilgrp.com
TESS HELLGREN, OSB No. 191622
tess@innovationlawlab.org
JORDAN CUNNINGS, OSB No. 182928
jordan@innovationlawlab.org
KELSEY LYNN PROVO, OSB No. 145107
kelsey@innovationlawlab.org
NELLY GARCIA ORJUELA, OSB No. 223308
nelly@innovationlawlab.org
INNOVATION LAW LAB
333 SW 5th Ave., Suite 200
Portland, OR 97204-1748
Telephone: +1 503-922-3042

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| CLEAR CLINIC, PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE, and LEON X, individually and on behalf of others similarly situated,<br><br>    *Plaintiffs,*<br><br>     v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS, Acting Director of Immigration Customs Enforcement; CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); PETE FLORES, Acting Commissioner of Customs and Border Protection; and U.S. CUSTOMS AND BORDER PROTECTION ("CBP"),<br><br>    *Defendants.* | Case No. 6:25-cv-01906-AA<br><br>**THIRD DECLARATION OF JOSEPHINE MOBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

# THIRD DECLARATION OF JOSEPHINE MOBERG IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

I, Josephine Moberg, upon my personal knowledge, hereby declare under penalty of perjury as follows:

1. I am an attorney licensed, and a member in good standing of the Oregon State Bar. I am a member of the Oregon chapter of the American Immigration Lawyers Association (AILA). I am an attorney with the CLEAR clinic which provides legal services through the Equity Corps of Oregon ("ECO") universal representation program in Oregon. I make the following declaration based on my personal knowledge.

2. On October 28, 2025, I attempted to meet with a detained client at the Portland ICE field office. An officer informed me that I would not be permitted to meet with the client for several hours due to "processing time" and instructed me to return later. I refused to leave and ultimately was allowed to meet with the client. During the visit, my client informed me that officers at the Portland ICE facility on Macadam Avenue were not allowing detainees to make any phone calls.

3. An attorney subsequently filed a habeas petition that resulted in the client's release. Had I followed ICE's instructions and returned hours later, the client might have been transported before I had any opportunity to meet with him.

4. On November 11, 2025, CLEAR received several requests for legal assistance through the PIRC hotline that were channeled to us through the ECO program. I was assigned to go to the ICE/ERO Portland office to meet with some of the detained persons and provide assessment and advice. The seven prospective clients were J-M-E-M, J-M-E-P, A-R-V-, A-P-Z-, V-A-M-A, S-S-C-, and M-G-C.

5. At 9:39am, I arrived at the Portland ICE facility with my colleague Antonio Escobar. The front door was closed; I knocked and waited for a response.

6. At 9:42am, three officers came outside and told us that the building was closed for the federal holiday (Veteran's Day). They told me I would have to come back tomorrow to meet with my clients. I told them that I needed to meet with my clients right away to advise them of their rights. The officer said that at the very least I would need to give them the G-28s for each client as there was absolutely no way they could let me inside without them. I told the officer that I had G-28s for all of my clients. I gave the officer my business card and asked him to speak with his supervisor so that I could be let in to meet with my clients.

7. At 9:42am, a large van with tinted windows left the facility.

8. At 9:44am, a large van with tinted windows entered the facility.

THIRD DECLARATION OF JOSEPHINE MOBERG ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Page 2

9. At 9:55am, three officers came out and took all seven G-28s. They told me they would verify if my clients were at the facility and directed me to continue waiting outside.

10. At 9:59am, a large van with tinted windows left the facility.

11. At 10:00am, a large van with tinted windows left the facility.

12. At 10:03am, an officer came out and told me that the building was closed all day for the holiday and no lawyers would be let in until tomorrow. He told me that he gave my clients my phone number. I told him that denying me access to meet with my clients was illegal and that they have the right to receive legal advice and representation. I told the officer that I needed the G-28s back and would like to speak with his supervisor.

13. At 10:06am, another large van with tinted windows left the facility.

14. At 10:11am, two more large vans with tinted windows left the facility.

15. At 10:18am, the officer came back out and gave me back the G-28s. I asked the officer to bring me a printed letter stating that the building was closed for any attorney visits. He said he would try but that was unlikely. I continued waiting outside.

16. At 10:20am, the officer came back out and told me that he couldn't give me any kind of documentation and asked me to leave the premises. I left without being able to meet with or advise any of my seven clients.

I DECLARE UNDER PENALTY OF PERJURY AND UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Executed in Portland, Oregon on November 11, 2025.

s// *Josephine Moberg*

Josephine Moberg
Attorney, CLEAR Clinic
Oregon State Bar #240283

THIRD DECLARATION OF JOSEPHINE MOBERG ISO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION