**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**SARAH E. FELDMAN, OSB # 141458**
**MICHAEL J. JETER, OSB # 165413**
**JOSHUA KELLER, NYSB #4297396**
Assistant United States Attorneys
Sarah.Feldman@usdoj.gov
Michael.Jeter@usdoj.gov
Joshua.Keller@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2936
Telephone: (503) 727-1000
     Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **CLEAR CLINIC; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; LEON X**, on behalf of a class of all similarly situated people,<br><br>     Plaintiffs,<br><br>v.<br><br>**KRISTI NOEM; TODD LYONS; LAURA HERMOSILLO; PETE FLORES; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOM ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,**<br><br>     Defendants. | Case No. 6:25-cv-01906-AA<br><br>**DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP DEFENDANTS** |

Page 1    DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP
           DEFENDANTS

## LOCAL RULE 7-1 CERTIFICATION

Counsel have conferred, and Plaintiffs oppose this motion.

## MOTION

Defendants move under Rule 12(b)(6) to dismiss all of Plaintiffs' claims against Defendants U.S. Customs and Border Protection ("CBP") and Pete Flores sued in his official capacity as Acting Commissioner of CBP (collectively "CBP Defendants").

## INTRODUCTION

Plaintiffs have failed to state a plausible claim for relief against CBP Defendants. Aside from being named in the case caption and identified as Defendants, there are no factual allegations, legal claims, or requests for relief specific to CBP Defendants. It is undisputed that Plaintiffs' claims all arise from attorney access at the three Oregon field offices owned and/or operated by Defendant U.S. Immigration and Customs Enforcement ("ICE"). The Amended Complaint's factual allegations and legal claims are replete with references to Defendant ICE's activities but make no mention of CBP Defendants. The Amended Complaint impermissibly lump all Defendants together and fails to allege any facts or claims specific to CBP Defendants. The conclusory allegations that CBP Defendants are responsible for attorney access do not state plausible claims for relief and are too threadbare to survive a straightforward application of the pleading standards under Rule 12(b)(6). Dismissal should be with prejudice as any amendment would be futile.

**Page 2**      DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP DEFENDANTS

## BACKGROUND

Under the "PARTIES" heading of the Amended Complaint, CBP is identified as a component of the U.S. Department of Homeland Security and CBP Defendants are identified as defendants. *See* Am. Compl. ¶¶ 18, 22–23. ECF No. 39. In describing CBP Defendants, Plaintiffs allege that Defendant Flores "is responsible for ensuring that CBP provides attorney access in accordance with law to individuals it has detained." *Id.* ¶ 22. Likewise, Plaintiffs allege that "CBP is responsible for ensuring that its officers provide attorney access in accordance with law to individuals they have detained." *Id.* ¶ 23.

After initially identifying CBP Defendants, the Amended Complaint never mentions them again. There are no factual allegations specific to CBP Defendants.

Plaintiffs raise five legal claims all pertaining to the Oregon ICE field offices and Defendant ICE's activities. *See generally* Am. Compl. ¶¶ 109–41. None of the legal claims challenge CBP Defendants' conduct. None of the requested forms of relief pertain to CBP Defendants.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  It will be granted when, viewing the facts in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A court will dismiss a complaint that lacks sufficient factual allegations to state a facially plausible claim for relief. *See Shroyer v. New Cingular*

*Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). A court ruling on a Rule 12(b)(6) motion accepts as true all well-pleaded allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly,* 550 U.S. at 555. To be entitled to a presumption of truth, allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A complaint must allege facts that "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. A claim has "facial plausibility" when factual allegations support "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

## ARGUMENT

Identifying CBP Defendants and alleging they are generally responsible for providing attorney access is not sufficient to state a claim that can pass muster under the *Iqbal/Twombly* pleading standard. First, the lack of any factual allegations specific to CBP Defendants is fatal to any legal claims Plaintiffs might have against them. *See Starr*, 652 F.3d at 1216 (stating that a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The underlying factual allegations and alleged harms

Page 4    DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP
         DEFENDANTS

concerning attorney access upon which all of Plaintiffs' claims are based solely concern Defendant ICE's Oregon field offices. *See* Am. Compl. ¶¶ 54–97. Plaintiffs do not and cannot allege that CBP Defendants are responsible for governing attorney access for those detained by Defendant ICE at the Oregon ICE field offices. Indeed, throughout the course of this litigation, Plaintiffs legal arguments, supporting testimony, and requested injunctive relief have all concerned Defendant ICE and the Oregon ICE field offices. CBP Defendants are not involved in this litigation and, because the Amended Complaint lacks any factual allegations against them, they should not be subjected to the expense and burdens of discovery and continued litigation.

Second, the Amended Complaint is an impermissible "shotgun pleading"[1] that lumps all Defendants together and does not specify which, if any, of its claims apply to CBP Defendants. It is well established that lumping defendants together in this manner is prohibited.[2] *See Kurisu v. Svenhard's Swedish Bakery Suppl. Key*

---

[1] There are multiple types of "shotgun pleadings" including a "complaint that asserts claims against 'multiple defendants without specifying which of the defendants are responsible for which acts or omissions.'" *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 943 (D. Or. 2020) (quoting *Nissen v. Lindquist*, No. C16-5093 BHS, 2017 WL 26843, at *2 (W.D. Wash. Jan. 3, 2017)).

[2] Alternatively, dismissal may be appropriate here under Rule 8. Courts regularly dismiss complaints that similarly lump defendants together for failing to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See e.g. Walid v. Huffman,* No. 3:24-CV-01452-AR, 2025 WL 3080464, at *8 (D. Or. Sept. 23, 2025), *report and recommendation adopted sub nom. Walid v. Wisdom,* No. 3:24-CV-01452-AR, 2025 WL 3755580 (D. Or. Dec. 29, 2025) (quoting *Briskin v. Shopify, Inc.*, 135 F.4th 739, 762 (9th Cir. 2025)) ("A collectively pleaded complaint may fail to provide fair notice to a defendant, where there are multiple defendants and claims, and the complaint fails to differentiate among them.").

**Page 5     DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP DEFENDANTS**

*Mgmt. Ret. Plan*, No. 3:21-CV-912-SI, 2022 WL 6733328, at *3 (D. Or. Oct. 11, 2022) ("Plaintiffs, however, may not lump together different groups of Defendants with a broad and vague conclusory allegation. In the absence of a well-pleaded allegation of joint conduct or an agency relationship, failing to allege specific facts relating to a specific defendant and lumping multiple defendants together is routinely rejected by courts.") (collecting cases); *McKeon v. Cent. Valley Cmty. Sports Found.*, No. 1:18-CV-0358-BAM, 2018 WL 6436256, at *4 (E.D. Cal. Dec. 7, 2018) (finding the complaint deficient where it "lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants. . . . Plaintiffs must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in [misconduct] and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims"); *Evans v. Sherman*, No. 1:19-CV-00226-DAD-BAM (PC), 2020 WL 1923176, at *3 (E.D. Cal. Apr. 21, 2020), *report and recommendation adopted,* No. 1:19-CV-00226-DAD-BAM (PC), 2021 WL 136394 (E.D. Cal. Jan. 14, 2021) (noting that the plaintiff "simply lumps all defendants together" and "makes it impossible for the Court to draw the necessary connection between the actions or omissions" of the various defendants).

Here, all the Amended Complaint's claims improperly lump Defendants together, focus solely on the Oregon ICE field offices, and do not identify any challenged conduct by CBP Defendants. Counts I through III allege violations of First and Fifth Amendment rights regarding access to counsel. The underlying

factual allegations all concern those detained by ICE at the Oregon ICE field offices. *See* Am. Compl. ¶¶ 110–127. Similarly, Plaintiff's Administrative Procedure Act ("APA") claims concern access to counsel and rights waivers at the Oregon ICE field offices. *See* Am. Compl. ¶¶ 128–41. Conclusory allegations against CBP Defendants paired with "formulaic recitation of the elements" of Plaintiffs' claims are "not entitled to be assumed true" and should be dismissed. *See Iqbal*, 556 U.S. at 681; *Kurisu*, 2022 WL 6733328, at *3 ("Allegations are factually deficient when a 'complaint lumps defendants together and fails to adequately distinguish claims and alleged wrongs among defendants . . . Plaintiffs must allege more than generic and conclusory allegations demonstrating that 'Defendants' collectively engaged in [misconduct] and allege with at least some degree of specificity the acts which each defendant is alleged to have engaged in which support Plaintiff's claims.'").

Third, Plaintiffs have not established an entitlement to relief as to CBP Defendants. Plaintiffs' requested declaratory and injunctive relief necessarily flow from their claims concerning attorney access at the Oregon ICE field offices. Am. Compl. pp. 42–43. CBP Defendants do not control attorney access at the field offices owned and/or operated by Defendant ICE. Thus, the requested relief, even if granted, would not entitle Plaintiffs to declaratory or injunctive relief against CBP Defendants.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss and dismiss Plaintiffs' claims against CBP

Page 7     DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CBP
           DEFENDANTS

Defendants with prejudice.

Submitted on this 21st day of January 2026.

SCOTT E. BRADFORD
United States Attorney
District of Oregon

*/s/ Michael J. Jeter*
MICHAEL J. JETER
Assistant United States Attorney
Attorneys for Defendants
