IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLEAR CLINIC; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; LEON X,

Plaintiffs,

KRISTI NOEM; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS; LAURA HERMOSILLO; PETE FLORES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

Civ. No. 6:25-cv-01906-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a motion for class certification by Plaintiffs Clear Clinic, Pineros Y Campesinos Unidos Del Noreste ("PCUN"), and Leon X, ECF No. 88. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

To be certified as a class, a party must show that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Here, Plaintiffs invoke Rule 23(b)(2) and assert that "Defendants have 'acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" Pl. Mot. at 4 (quoting Fed. R. Civ. P. 23(b)(2)).

Finally, the burden is on the plaintiff seeking class status to "affirmatively demonstrate his compliance with [the requirements of Rule 23]." *Wal-Mart Stores, Inc.*, 564 U.S. at 350.

**DISCUSSION**

Here, Plaintiffs wish to certify a class they define as:

> All persons, since October 16, 2025 who have been arrested or are at risk of arrest for alleged civil immigration violations in the District of Oregon by Defendants or entities working in concert with them.

Pl. Mot at 7.

**I. THE REPRESENTATIVE PARTY**

Putative class representative Leon X is a 32-year-old Mexican national who has been living in Oregon since he was six. Leon X. Decl. ¶ 2. He was granted status under the Deferred Action for Childhood Arrivals ("DACA") program over a decade ago, and he also has a pending U Nonimmigrant Status (UVisa) application pending based on being the victim of a serious crime as a child. Leon X Decl. ¶ 3.

First, the Court must address the question of Leon X's standing. To establish Article III standing, a plaintiff must demonstrate that: (1) she suffered an injury in fact that is concrete, particularized, and actual or imminent (not conjectural or hypothetical); (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). For purposes of the standing analysis, the Court accepts "as true all material allegations of the complaint" and "construe[s] the complaint in favor of the complaining party." *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 501 (1975)). The imminence requirement has been explained thus:

> "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending. Thus, we have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient."

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398,409 (2013) (quotation marks and citation omitted) (emphasis in original).

Here, Leon X is fearful that he will be arrested by ICE, regardless of his DACA or UVisa applicant status, and then quickly transferred outside of Oregon. His basis for this is the general increase in enforcement activity in Oregon, coupled with stories of DACA and UVisa applicants being detained. At this time, he has not been arrested, detained, or had any issue with access to counsel or due process.

This is an allegation of possible future injury and is not "certainly impending." Nothing in the record makes the arrest of Leon X certain, or even more likely than

the arrest of any other immigrant in Oregon. Some factors—his DACA and UVisa statuses—make his arrest less likely than undocumented immigrants who have not participated in such programs.

Leon X does have a reasonable fear that he could, at some point and in some place, be stopped, questioned, and possibly detained by ICE despite his DACA and UVisa status. But that is neither concrete, nor particularized; it is the same fear any immigrant in any immigration program in the US might feel in the current climate. For purposes of standing, that is not enough.

The lack of standing for the purported class representative is fatal to this motion: without standing, one cannot be a suitable class representative. *See Gonzalez v. U.S. Immig. and Cust. Enf't,* 975 F.3d 788, 803 (9th Cir. 2020*)*. That is not the only flaw in the motion, so the Court will briefly address other issues that would prevent class certification.

## II. NUMEROSITY

As defined by Plaintiff, this class would consist of thousands of people. Pl. Mot at 56; see also *See* Ryo Decl. at 32 (opining that around 472 people were arrested by immigration enforcement between October 16 and October 31, 2025). The numerosity requirement is met.

## III. QUESTION OF LAW AND FACT COMMON TO THE CLASS

"To meet the second prong, commonality, a party must demonstrate that they and the proposed class members have suffered the same injury and have claims that depend on a common contention capable of class-wide resolution." *Willis v. City of*

*Seattle*, 943 F.3d 882, 885 (9th Cir. 2019) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)). "Capable of class-wide resolution 'means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id.* (quoting *Wal-Mart Stores, Inc.*, 564 U.S at 350).

To qualify for class certification for a challenge to a policy or practice, the policy or practice must be "'unlawful as to every proposed member[.]'" *Id.* (quoting *Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014)) (alterations normalized).

Here, Plaintiffs articulate seven questions that they assert all meet the commonality requirement. The presented questions are:

- Whether Defendants' widespread immigration arrests since October 16, 2025 are in accordance with law, including Defendants' statutory authority for warrantless arrest pursuant to 8 U.S.C. § 1157;

- Whether there is a policy/practice of denying access to counsel in Oregon before transferring detained noncitizens out of state;

- Whether Defendants' policy/practice of denying access to counsel in Oregon is actively intended to undermine noncitizens' rights to counsel, including precluding their ability to timely file habeas petitions to challenge their unlawful custody in the District of Oregon;

- Whether recent First Amendment activity outside the ICE Field Offices poses a security concern that reasonably requires ICE to rush individuals out of the state, and whether any such activity has been actually observed to "escalate" when an individual is detained at an ICE Office;

- Whether and when individuals detained by Defendants in Oregon can meaningfully access counsel after being transferred out of Oregon, including at the Tacoma NWIPC;

- Whether class members have suffered harm as a result of Defendants' unlawful obstruction of access to counsel.

Pl. Mot. at 14-15.

To the first question, the FAC only raises an issue about arrests under 8 U.S.C. § 1157 in the same context as the instant motion: a common question for the class. But the FAC contains no claim that hangs on a violation of § 1157. That question is, for most purposes, irrelevant to this suit. Also, whether arrests are in accordance with law is an individualized inquiry. Undocumented people can be arrested under a variety of statutes for a host of reasons in different manners. This is precisely the type of question that cannot be answered in one stroke. It would require hundreds or thousands of individualized inquiries.

The next two questions focus on alleged policy or practice of Defendants denying access to counsel. But, as evidenced in the declarations submitted by Plaintiff, some members of the class have had access to counsel. Various immigration lawyers and others declared that attorneys have met with both current clients and potential clients at ICE Field Offices in Oregon. Walker Decl. ¶ 6; Lerner Decl. ¶ 7; Moberg Supp. Decl. ¶ 16; Lerner Sec. Decl. ¶ 16; and Santos Decl. ¶ 3. That means that some putative class members—those who have been arrested since October 16, 2025, but had access to counsel—would not have suffered the same injury as other members of the class. This also speaks to the last question Plaintiffs present: the harm will vary from case to case, and members of the putative class may not have been harmed at all.

The question about access at the Northwest ICE Processing Center ("NWIPC") also fails the commonality requirement. The question asks "whether and when" access to counsel is granted at NWIPC. Again, this question cannot be answered in one stroke. "When" is going to vary from case to case. "Whether" is a non-starter, as there are declarations stating that attorneys have accessed detainees at NWIPC. Case by case inquiries are what the commonality requirement is designed to keep out of class actions.

Finally, the question of whether First Amendment activity poses a security concern is not a question that can be answered categorically. Some, if not most, security concerns will be specific to certain times and places. First Amendment activity includes a wide swath of possible behavior. Because the answer is highly context dependent, it cannot meet the commonality requirement.

## IV. TYPICALITY AND ADEQUACY

"The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and internal quotations omitted).

Because Leon X does not have standing, an analysis of the typicality and adequacy of his claims is unhelpful and unnecessary.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Class Certification, ECF No. 56 is DENIED.

It is so ORDERED and DATED this ___30th___ day of September 2026.

_/s/Ann Aiken_
ANN AIKEN
United States District Judge