IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CLEAR CLINIC; PINEROS Y CAMPESINOS UNIDOS DEL NOROESTE; LEON X,

Plaintiffs,

KRISTI NOEM; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); TODD LYONS; LAURA HERMOSILLO; PETE FLORES; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

Civ. No. 6:25-cv-01906-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendants Customs and Border Protection ("CPB") and Pete Flores (collectively, "Defendants"). ECF No. 91. For the reasons set forth below, the motion is GRANTED.

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability

based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**DISCUSSION**

Defendants move to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6) because "[a]side from being named in the case caption and identified as Defendants, there are no factual allegations, legal claims, or requests for relief specific to CBP Defendants." Def. Mot. at 2. Defendants assert that "The Amended Complaint impermissibly lump all Defendants together and fails to allege any facts or claims specific to CBP Defendants." *Id.* Finally, Defendants contend that "Plaintiffs have not established an entitlement to relief as to CBP Defendants" because "Plaintiffs' requested declaratory and injunctive relief necessarily flow from their claims concerning attorney access at the Oregon ICE field offices" and "CBP Defendants do not control attorney access at the field offices owned and/or operated by Defendant ICE." *Id.* at 6.

Plaintiff argues that "[r]eferences to multiple Defendants are intentional and encompass the actions of CBP as well as ICE officials." Pl. Resp. at 11. Additionally, "Defendants ignore that Plaintiffs have alleged 'joint conduct' among Defendants[,]" *id.* at 10, and "Plaintiffs have sufficiently pled that CBP and ICE work in tandem to engage in immigration enforcement operations[,]" *id.* at 12. Lastly, Plaintiff asserts that any reference to "immigration agents" necessarily encompasses Defendants.

The Amended Complaint actively discusses Defendant Immigration and Custom Enforcement ("ICE"), which appears throughout the Amended Complaint. In fact, ICE appears by name in twenty consecutive paragraphs. Am. Compl. ¶¶ 56-76. The same cannot be said about Defendants CPB and Flores, as their names appear no further than the Amended Complaint's section on "Parties."[1] Am. Compl. ¶ 43.

While Plaintiffs claim that they alleged "joint conduct," that phrase is not in the Amended Complaint. In fact, the word "joint" does not appear at all. Plaintiff claims they "sufficiently pled that CBP and ICE work in tandem[,]" but, like "joint," the word "tandem" is not in the Amended Complaint either. Plaintiffs may have intended to allege joint or tandem conduct, but that allegation is not in the Amended Complaint, so cannot be "sufficiently pleaded" for purposes of this motion.

[1] There is mention of "Border Patrol sector Chief Gregory Bovino" later in the Amended Complaint. ¶ 46. Outside of one footnote on page three of the Amended Complaint, that is the only use of "Border Patrol" in the Amended Complaint. At no point does Plaintiff connect CBP to "Border Patrol."

Plaintiffs have failed to state a claim against CBP and Pete Flores, so the Amended Complaint must be dismissed as to them. Plaintiff is given leave to file a Second Amended Complaint within 30 days.

**CONCLUSION**

For the reasons set forth above, Defendants CPB and Pete Flores's Motion to Dismiss, ECF No. 40, is GRANTED. Plaintiff is given leave to file a Second Amended Complaint within 30 days of this order.

It is so ORDERED and DATED this ___30th____ day of September 2026

/s/Ann Aiken
ANN AIKEN
United States District Judge